COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                                  ESSEX SUPERIOR COURT
                                                           CIVIL ACTION NO.

DONNA MARIE MOGAVERO,
    Plaintiff,

v.

EDWARD R. SHERWOOD, III and
KNIGHT-SWIFT TRANSPORTATION HOLDINGS, INC. d/b/a
SWIFT TRANSPORTATION CO.,
    Defendants.

## PARTIES

1. The plaintiff, Donna Marie Mogavero, is an individual residing at 30 Bartholemew Street, Peabody, Massachusetts.

2. The defendant, Edward Sherwood, III, is an individual residing at 37 Broad Street, Unit 1, Glen Falls, NY 12801.

3. The defendant, Knight-Swift Transportation Holdings, Inc., d/b/a as Swift Transportation Co., is, upon information and belief, a corporation having a principal place of business at 2002 West Wahalla Lane, Phoenix, AZ 85027.

## FACTS

4. On January 9, 2019, the plaintiff, Donna Marie Mogavero, was the owner and operator of a motor vehicle stopped at a traffic light on Elliot Street, a public way in Danvers, Massachusetts.

5. On January 9, 2019, at the same time and place, the defendant, Edward R. Sherwood, III, was the operator of the motor vehicle owned and registered to the defendant, Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co., traveling on Elliot Street, a public way in Danvers, Massachusetts.

6. On January 9, 2019, at the same time and place, defendant, Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co., was the owner of the said motor vehicle lawfully registered to Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co., and operated by Edward R. Sherwood, III, traveling on Elliot Street, a public way in Danvers, Massachusetts.

7. On January 9, 2019, at the same time and place, and at all time material hereto, Edward R. Sherwood, III was an agent, servant and employee of the defendant, Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co., and otherwise was a person for whose negligence and/or conduct Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co. was then responsible.

8. On January 9, 2019, at the same time and place, the defendant, Edward R. Sherwood, III negligently, carelessly, recklessly and/or in violation of laws and regulations of the Commonwealth of Massachusetts, maintained, controlled, and operated the motor vehicle so as to cause it to collide with the motor vehicle of which the plaintiff, Donna Marie Mogavero, was the owner and operator.

9. On January 9, 2019, at the same time and place, the defendant, Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co., through its agent, servant and/or employee, Edward R. Sherwood, III, negligently, carelessly, recklessly and/or in violation of laws and regulations of the Commonwealth of Massachusetts, maintained, controlled, and operated the said motor vehicle owned and registered to it so as to cause it to collide with the motor vehicle in which the plaintiff, Donna Marie Mogavero, was the owner and operator.

10. As a result of the negligence of the defendants, the plaintiff, Donna Marie Mogavero, sustained severe and disabling personal injuries, great pain and suffering, a loss of earning capacity, and loss of quality of life, and was obliged to expend monies for medical care and attendance, all to her great damage.

## COUNT I

11. The plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 10.

12. As a direct and proximate result of the defendant Edward Sherwood, III's negligent operation of the said motor vehicle, the defendant was caused to sustain severe and disabling personal injuries, great pain and suffering, a loss of earning capacity, and loss of quality of life, and was obliged to expend monies for medical care and attendance, all to her great damage, including injury to her neck and back and causing her to undergo numerous medical treatments, including surgery.

## COUNT II

13. The plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 12.

14. The defendant Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co.'s ownership and registration of the vehicle operated by its agent, servant and employee, Edward R. Sherwood, III, subjects Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co. to liability in the plaintiff's favor for its agent, servant and employee, Edward R. Sherwood, III's negligence for which Knight-Swift Transportation

Holdings, Inc. d/b/a Swift Transportation Co. was responsible and also pursuant to Mass.Gen.Law. c. 231, § 85B.

WHEREFORE, the plaintiff, Donna Marie Mogavero, demands judgment enter in her favor on all Counts of her Complaint, in an amount to be determined at trial, plus interest costs, attorney's fees and any other relief this Court deems equitable, just, and proper.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL COUNTS.

Respectfully Submitted,
The Plaintiff,
Donna Marie Mogavero,
By her attorney,

Jacob E. Lavin (BBO # 658914)
Law Offices of Jacob E. Lavin
350 Lincoln Street, Suite 2400
Hingham, MA 02043
781-812-7087
Jacoblavin@aol.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY Essex Superior Court (Lawrence) |

| Plaintiff | Donna Marie Mogavero | Defendant: | Edward R. Sherwood, III |
|---|---|---|---|
| ADDRESS: | 30 Bartholemew Street | ADDRESS: | 37 Broad Street, Apt. 1 |
| Peabody, Massachusetts | | Glen Falls, NY 12801 | |
| Plaintiff Attorney: | Jacob Lavin | Defendant Attorney: | |
| ADDRESS: | 350 Lincoln Street, Suite 2400 | ADDRESS: | |
| Hingham, MA 02043 | | | |
| 781-812-7087 | | | |
| BBO | 658914 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Tort | F | ☒ YES  ☐ NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A?    ☐ YES  ☒ NO
Is there a class action under Mass. R. Civ. P. 23?    ☐ YES  ☒ NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS

A. Documented medical expenses to date
  1. Total hospital expenses ........................................................... $75,905.61
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe below)

  Subtotal (1-5): $75,905.61

B. Documented lost wages and compensation to date ........... $10,000.00
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages ........... $50,000.00
F. Other documented items of damages (describe below)

TOTAL (A-F): $135,905.61

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Cervical fusion (C4-C5), post concussive syndrome, permanent disability.

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement, Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X _____    Date: 1/3/2022

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.
N/A

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X _____    Date: 1/3/2022

SC0001: 1/22/2021    www.mass.gov/courts    Date/Time Printed:01-03-2022 12:03:26

| Summons | CIVIL DOCKET NO. 2277CV00002-D | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Donna Marie Magavero Plaintiff(s) vs. Knight-Swift Transportation Holdings, Inc. d/b/a Swift Transportation Co., et al Defendant(s) | | Thomas H. Driscoll, Jr.   Clerk of Courts Essex   County COURT NAME & ADDRESS: Essex Superior Court - LAWRENCE 43 Appleton Way Lawrence, MA 01840 |

THIS SUMMONS IS DIRECTED TO Knight-Swift Transportation Holdings, Inc. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Lawrence Superior Court.

**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a) Filing your **signed original** response with the Clerk's Office for Civil Business, Lawrence Superior Court 43 Appleton Way, Lawrence, MA 01840   (address), by mail or in person **AND**

   b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

3 (cont). You can also respond to a Complaint by filing a "**Motion to Dismiss,**" if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

**4. Legal Assistance.**

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

**5. Required Information on All Filings:**

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Heidi E. Brieger , Chief Justice on _____ , 20___ . (Seal)

Clerk-Magistrate Thomas H. Driscoll, Jr.

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

### PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

Dated: _____      Signature: _____

**N.B. TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date:

rev. 7/21

## NATIONAL REGISTERED AGENTS, INC
### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: Araceli Deleon
Swift Transportation Services, LLC
2200 S 75th Ave
Phoenix, AZ 85043-7410

SOP Transmittal # 541179198

Entity Served: KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc or its Affiliate in the State of ARIZONA on this 07 day of March, 2022. The following is a summary of the document(s) received:

1. **Title of Action:** Re: DONNA MARIE MOGAVERO // To: KNIGHT-SWIFT TRANSPORTATION HOLDINGS INC.
2. **Document(s) Served:** Other: -
3. **Court of Jurisdiction/Case Number:** None Specified
   Case # 2277CV00002D
4. **Amount Claimed, if any:** N/A
5. **Method of Service:**

   ___ Personally served by:   ___ Process Server   ___ Law Enforcement   ___ Deputy Sheriff   ___ U.S Marshall
   _X_ Delivered Via:   _X_ Certified Mail   ___ Regular Mail   ___ Facsimile
   ___ Other (Explain):

6. **Date of Receipt:** 03/07/2022
7. **Appearance/Answer Date:** None Specified
8. **Received From:** None Specified
9. **Carrier Airbill #** 1ZY041160191244124
10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via UPS Next Day Air

Image SOP

Email Notification, Anne Rowell  anne_rowell@swifttrans.com

Email Notification, Araceli Deleon  Araceli_Deleon@swifttrans.com

**Registered Agent:** NATIONAL REGISTERED AGENTS, INC          CopiesTo:

888-579-0286 - Telephone
602-248-4441 - Fax

The information contained in this Summary Transmittal Form is provided by NRAI for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. NRAI disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Transmitted by  Issis Gonzalez
ORIGINAL